IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TASHUNBEE BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| STERLING BACKCHECK, INC. f/k/a | ) | |
| STERLING INFOSYSTEMS, INC. | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

## COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff, Tashunbee Bennett, respectfully shows the Court the following:

Parties, Jurisdiction and Venue

1.      Mr. Bennett is an individual and a resident of the State of Georgia.  He resides in this District and this Division.  Mr. Bennett is a "consumer" under 15 U.S.C. § 1681(c).

2.      Defendant Sterling Backcheck, Inc. ("Sterling") is corporation organized and existing under the laws of the State of Delaware.  Sterling was formerly known as Sterling Infosystems, Inc. and is currently listed with the Georgia Secretary of State's office under that name.  Sterling is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).  Sterling regularly transacts business in the State of Georgia, is subject to the jurisdiction of this Court and may be served with

1

process by serving its registered agent, Paracorp Incorporated, 453 Hardy Ives Lane, Lawrenceville, Gwinnett County, Georgia 30045.

3.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq.*

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

<u>Factual Background</u>

5.      Mr. Bennett works in the Information Technology field and has substantial work experience in IT support and helpdesk functions.

6.      On February 3, 2016, Mr. Bennett applied for a job with Starboard Group Management Company, Inc. ("Starboard Group" or the "Company"), specifically seeking an open position as an IT Support Coordinator.

7.      On February 11, 2016, Mr. Bennett received a job offer from Starboard Group for the IT Support Coordinator position he was seeking.  The offer was expressly made contingent upon Mr. Bennett's successful completion of a background check.

8.      On February 11, 2016, Mr. Bennett signed Starboard Group's offer letter, returned it to Starboard Group's Human Resources Director and began making plans to move to Florida where he would be working.

9.     Thereafter, Starboard Group engaged Sterling to conduct a background check on Mr. Bennett.  In its capacity as a consumer reporting agency, Sterling conducted a background check on Mr. Bennett, prepared a report setting forth the results of its work and sold that report to Starboard Group.

10.    The report that Sterling prepared on Mr. Bennett was a consumer report under 15 U.S.C. § 1681a(d).

11.    Sterling sold Mr. Bennett's consumer report to Starboard Group for employment purposes, which is a permissible purpose under 15 U.S.C. § 1681b.

12.    On February 17, 2016, Starboard Group notified Mr. Bennett it had rescinded his job offer.  According to Starboard Group's Human Resources Director, Mr. Bennett's consumer report showed that Mr. Bennett had a "criminal conviction." Specifically, the consumer report that Sterling prepared regarding Mr. Bennett and sold to Starboard Group stated that Mr. Bennett had a "criminal conviction" in Cobb County, Georgia for "forgery 1st degree."

13.    The information contained in Mr. Bennett's consumer report was false and inaccurate.  Mr. Bennett has never been convicted of forgery or any other crime. These facts can be confirmed from publicly-available sources, which Sterling should have consulted when preparing a consumer report on Mr. Bennett.

14.    The consumer report that Sterling prepared regarding Mr. Bennett was intended for use in making an employment decision and contained public record

information that was likely to have an adverse effect on Mr. Bennett's ability to obtain employment with Starboard Group.  Nevertheless, Sterling did not provide notice to Mr. Bennett in accordance with 15 U.S.C. § 1681k.

15.    Mr. Bennett immediately contacted Starboard Group and informed them that he did not have a criminal conviction and that the consumer report that Sterling had prepared on him was inaccurate.  Starboard Group refused to reconsider its decision to rescind Mr. Bennett's offer and told him that he would need to take up the matter with Sterling.

16.    On or about February 19, 2016, Mr. Bennett made a dispute with Sterling regarding the accuracy of the information contained in the consumer report about him that Sterling sold to Starboard Group, informing Sterling that he did not have a criminal conviction and that the consumer report Sterling had prepared about him was inaccurate.  Mr. Bennett's dispute with Sterling constituted an invocation of his rights under 15 U.S.C. § 1681i.

17.    Sterling did not respond to Mr. Bennett's dispute within 30 days or correct its reporting with respect to Mr. Bennett, as required by 15 U.S.C. § 1681i(a).

## Count 1 – Violation of 15 U.S.C. § 1681e(b)

18.    Sterling negligently or willfully failed to follow reasonable procedures designed to insure maximum possible accuracy of information concerning Mr.

Bennett when it prepared and sold consumer reports regarding Mr. Bennett to Starboard Group.

19.   As a proximate result, Mr. Bennett has suffered actual damages in an amount to be proven at trial.

20.   Mr. Bennett is also entitled to recover his attorneys fees and punitive damages as allowed by law.

Count 2 – Violation of 15 U.S.C. § 1681i(a)

21.   Sterling negligently or willfully failed to conduct a reasonable reinvestigation into Mr. Bennett's dispute regarding the accuracy of the information contained in his consumer report, failed to notify Mr. Bennett of the results of his dispute and failed to correct its reporting regarding Mr. Bennett in response to his dispute.

22.   As a proximate result, Mr. Bennett has suffered actual damages in an amount to be proven at trial.

23.   Mr. Bennett is also entitled to recover his attorneys fees and punitive damages as allowed by law.

Count 3 – Violation of 15 U.S.C. § 1681k

24.   Sterling failed to maintain strict procedures to insure that public record information likely to have an adverse effect on Mr. Bennett's ability to obtain employment was complete and up to date at the time it was reported.  Sterling also

failed to provide Mr. Bennett with contemporaneous notice of the reporting of such information along with the name and address of the person to whom such information was reported.

25.     Sterling violated Mr. Bennett's rights under 15 U.S.C. § 1681k.

26.     As a proximate result, Mr. Bennett has suffered actual damages in an amount to be proven at trial or, in the alternative, is entitled to recover statutory damages.

27.     Mr. Bennett is also entitled to recover his attorneys fees and punitive damages as allowed by law.

WHEREFORE, Mr. Bennett respectfully prays that the Court:

1.     Issue process to the Defendant;

2.     Conduct a trial by jury of all claims asserted herein;

3.     Enter judgment in favor of Mr. Bennett as consistent with the jury's verdict; and

4.     Grant Mr. Bennett such other and further relief as it deems just and necessary.

This 28th day of March, 2016.


**MCRAE BERTSCHI LLC**                 /s Craig E. Bertschi _____
Suite 200, 1350 Center Drive          Mara McRae
Dunwoody, Georgia 30338               Georgia Bar No. 499138
                                      mm@mcraebertschi.com
                                      678.999.1101

                                      Craig E. Bertschi
                                      Georgia Bar No. 055739
                                      ceb@mcraebertschi.com
                                      678.999.1102

                                      *Counsel for Plaintiff*